UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LEMUEL R. BELL,<br><br>               Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>               Respondent. | 4:24-CV-04162-CBK<br><br>MEMORANDUM OPINION AND ORDER |

      Petitioner, currently detained at the Minnehaha County Jail in Sioux Falls, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also filed an application to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his application to proceed in forma pauperis will be granted.

      I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

      Petitioner states in his petition that he is challenging the February 23, 2024, two-year sentence imposed in South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County case # 49CRI21-006964. Petitioner contends that his sentence violates the Fifth Amendment Double Jeopardy clause, the Fourteenth Amendment, and that he has been subject to false imprisonment and malicious prosecution in relation to his prior plea on August 29, 2018, to possession and the probation sentence imposed for that charge.

      I take judicial notice of the records of the South Dakota Circuit Courts available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/.

      In the case petitioner is challenging, 49CRI21-006964, he was charged with possession of methamphetamine, entering or refusing to leave property, disorderly

conduct, and use or possession of drug paraphernalia, all occurring on September 24, 2021. He pleaded guilty to possession of methamphetamine on May 18, 2022, and was sentenced to two years imprisonment, suspended, and three years probation. The suspended prison sentence was ordered to be served consecutive to his three year suspended sentence imposed that same day for possession of methamphetamine occurring on October 22, 2021, case # 49CRI21-007658. He was also ordered to serve three years probation on the latter case, to be served concurrently with the probationary sentence in the first case.

On July 25, 2022, September 20, 2022, and December 22, 2023, petitioner was charged with probation violations in both 49CRI21-006964 and 49CRI21-007658. His suspended sentence in 49CRI21-006964 was revoked on February 29, 2024, and he was remanded to the custody of the South Dakota Department of Corrections. On that same date, his suspended sentence in 49CRI21-007658 was ordered to remain suspended but he was remanded to the supervision by Parole rather than Court Services.

Petitioner has had many other criminal cases filed since his 2021 cases detailed above. Some of them have been terminated and five are pending. The records of the South Dakota Department of Corrections show that petitioner was released on parole on June 22, 2024, as to the two cases set forth above. https://doc.sd.gov/adult/lookup/, visited September 17, 2024. He is apparently currently in the custody of Pennington County, although he has not identified a case number associated with that detention.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1 to challenge his conviction and sentence, including the revocation of that sentence.

There is no record that petitioner has ever filed for state court habeas relief to challenge the initial conviction and sentence in 49CRI21-006964 or the revocation of the suspended sentence in that case. Petitioner has not exhausted his state court habeas remedies Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 5, to proceed *in forma pauperis* without the payment of the $5.00 filing fee is granted.

2. The petition for a writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies.

DATED this 17th day of September, 2024.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge